UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 20-cr-104-02 |
| -vs- | JUDGE DRELL |
| SHAQUILLE ROBINSON (02) | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the court is Shaquille Robinson's letter motion (Doc. 87) requesting that the court direct the Federal Bureau of Prisons that the time he served in the custody of the Louisiana Department of Corrections pertaining to a Louisiana offense should be credited toward his federal sentence. Defendant argues that he was arrested on a federal warrant on July 23, 2020, and, as a result of that arrest, he was charged with various charges under Louisiana state law.

18 U.S.C. § 3585(b) states:

> Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

A federal sentencing court is not authorized to apply Section 3585(b). Instead, it is the Attorney General, through the Bureau of Prisons, who computes the amount of Section 3585(b) credit after the defendant has begun to serve his sentence. U.S. v. Wilson, 503 U.S. 329 (1992). The Bureau of Prisons has detailed procedures and guidelines for determining the amount of credit available to prisoners. Federal regulations also afford prisoners administrative review of the computation

of their credits and prisoners may seek judicial review of the computations after exhausting their administrative remedies. Id. at 333; U.S. v. Dowling, 962 F.2d 390, 392 (5th Cir.1992). Once a prisoner has exhausted his administrative remedies through BOP, he may then file a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence. U.S. Setser, 607 F.3d 128, 133 n.3 (5th Cir. 2010). Robinson has not shown that he exhausted his administrative remedies through the Bureau of Prisons; therefore, his motion is not properly before the court. Accordingly, the motion is denied.

We further note that his time in custody prior to service of his federal sentence in a Bureau of Prisons facility was on unrelated state law crimes. Mr. Robinson was arrested on a federal arrest warrant on July 23, 2020 for conduct that occurred on June 26, 2019. As a result of that arrest, Robinson was also charged under state law for crimes that occurred on July 23, 2020. Although the criminal nature of the charges was similar, these crimes were committed on completely different dates.[1] Accordingly, they do not arise out of the same conduct, and are not deemed to be related. Because these two offenses are unrelated, it was not and never would be the intention of this court to run the federal sentence concurrently with the sentence imposed by the State of Louisiana. For these reasons, it is

ORDERED that Shaquille Robinson's motion to receive credit for time served in the

---

[1] Mr. Robinson entered a plea of guilty to Counts 2 and 3 of the federal indictment in the above captioned matter for conduct occurring on or about June 26, 2019. Count 2 charged him with possession of marijuana with intent to distribute and Count 3 charged him with possession of a firearm in furtherance of drug trafficking.

Mr. Robinson was sentenced in state court on September 1, 2022 to an eight-year term of imprisonment for possession of a firearm in the presence of a controlled dangerous substance during his arrest on July 23, 2020.

custody of the Louisiana State Department of Corrections is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 25th day of March 2024.

                                                  DEE D. DRELL, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT